¶ 9. I agree with the majority that summary judgment was improvidently granted in this case. As clarified by the dissent, the argument sub judice was whether Nurse Phillips could be found negligent for failing to tell Smith that Dr. Bryant had operated on the wrong eyelid. I believe that, under the particular facts of this case, a reasonable jury could find that the standard of care required Nurse Phillips to report Dr. Bryant's assault and battery upon Jordan to Smith either right away or at the time that Smith inquired about Jordan's condition.
 ¶ 10. With respect, I disagree with the dissent's conclusion that expert testimony was necessary to establish the standard of care in this case. Mississippi law requires that medical professionals adhere to nationally-recognized standards of reasonable care. Palmer v. Biloxi Reg'l Med. Ctr.,Inc., 564 So.2d 1346, 1354 (Miss. 1990). Ordinarily, the question of what a reasonably prudent medical professional would do in the circumstances involves medical complexities necessitating expert testimony to establish the standard of care. Id. at 1354-55. However, there is an exception to the expert testimony requirement "`for instances where a layman can observe and understand the negligence as a matter of common sense and practical experience.'" Coleman v. Rice,706 So.2d 696, 698 (¶ 10) (Miss. 1997) (quoting Erby v. NorthMiss. Med. Ctr., 654 So.2d 495, 500 (Miss. 1995)). *Page 250 
In my opinion, expert testimony is unnecessary in the instant case because requiring a medical professional to provide accurate information to the parent of a minor child undergoing medical treatment can be understood by laypersons "as a matter of common sense and practical experience."
 ¶ 11. Smith testified that, if Nurse Phillips had revealed her son's true condition instead of telling Smith that everything was O.K., then Smith would have withdrawn her consent to the surgery. Smith said she would have withdrawn her consent because she was unprepared to cope with her two-year-old returning from surgery with both eyes disabled and because Dr. Bryant's mistake would have destroyed her faith in his surgical skills. Nurse Phillips's failure to inform Smith that Dr. Bryant had operated on Jordan's left eyelid deprived Smith of the opportunity to reconsider her consent to Jordan's right eyelid surgery in light of the error. I concur in the majority's conclusion that a jury reasonably could find that the standard of care required Nurse Phillips to have informed Smith of Jordan's true condition and that Nurse Phillips breached the standard of care.
LEE, P.J., ISHEE AND ROBERTS, P.JJ., JOIN THIS OPINION.